**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT FLORIDA**
**TAMPA DIVISION**

CHARLES H. KIRK,

    Plaintiff,

vs.                              CASE NO.  8:13-CIV-2048-EAK-AEP

FAROOQ BHADELIA, DONICE
SUNNY BHADELIA, MOONWALK
ENTERPRISES, INC., ENKA, LLC,
and SUNATA PROPERTIES, LLC,

    Defendants.
_____/

**ORDER ON MOTIONS**

      This cause is before the Court on Defendants', Farooq Bhadelia and Donice Sunny Bhadelia, motion to dismiss or for more definite statement (Doc. 14) and response thereto (Doc. 21); Plaintiff's request for default judgment against Defendants Moonwalk Enterprises, Inc., Enka, LLC, and Sunata Properties, LLC (Doc. 19) and response thereto (Doc. 23); and Defendants', Moonwalk Enterprises, Inc., Enka, LLC, and Sunata Properties, LLC, motion to set aside default and for additional time to respond to the complaint (Doc. 22).  No timely response has been filed to the motion to set aside default and for additional time to respond to the complaint.

**STANDARD OF REVIEW**

      Federal Rule of Civil Procedure 8(a)(2) requires that a plaintiff's complaint set out a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "While a complaint attacked by a Rule 12(b)6) motion to dismiss does not need detailed factual allegations, a plaintiff's

obligation to provide grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citations and internal quotation marks omitted).

Therefore, to survive a defendant's motion to dismiss, the plaintiff's complaint "must now contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Twombly*, 550 U.S. at 570). In considering a motion to dismiss under this plausibility standard, courts follow a two-pronged approach. First, a court must "eliminate any allegations in [a] complaint that are merely legal conclusions." *Id.* at 1290 (citing *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009)). Then, a court must take any remaining well-pleaded factual allegations, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* (citing *Iqbal*, 129 S. Ct. at 1950)) (internal quotation marks omitted). In sum, Rule 8's pleading standard "does not require 'detailed factual allegations,' but demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555).

## BACKGROUND

This cause of action was commenced on August 8, 2013, when the Plaintiff filed a complaint against the Defendants Farooq Bhadelia, Donice Sunny Bhadelia, Moonwalk Enterprises, Inc., Enka, LLC, and Sunata Properties, LLC, for unpaid minimum wages and overtime pursuant to the Fair Labors Standards Act and the Florida Constitution. Service was effected on all defendants on March 7, 2014.

On March 26, 2014, the individual defendants, Farooq Bhadelia and Donice Sunny Bhadelia, filed a motion to dismiss or for more definite statement. Under the rules of this Court, the individual defendants may not appear for or represent the corporate defendants, Moonwalk Enterprises, Inc., Enka, LLC, and Sunata Properties, LLC. Local Rule 2.03(e). Therefore, when the corporate defendants failed to appear through counsel as required, the Plaintiff filed a motion for entry of default and it was entered in the record on April 3, 2014. The Plaintiff filed his motion for default judgment on April 4, 2104. Subsequently, the corporate defendants retained counsel who represents all the defendants and who has now filed a motion to set aside default and for additional time to respond to the complaint.

## **DISCUSSION**

The Court starts with the motion to dismiss and finds it must be denied. Initially, the Court notes that the motion fails to include the required memorandum of law which requires denial of the motion. In addition, the Court finds no merit to the Defendants' assertions that the complaint is insufficient. There is certainly no basis for the Defendants to force the addition of the Veteran's Administration as a necessary party. The motion to dismiss will be denied.

The remaining question is whether or not the default should be vacated or if the Court should enter a default judgment. The Court finds persuasive the motion to vacate the default. The Court finds good cause exists for granting the motion to vacate and that the interests of justice are best served by taking such action. This denial moots the request for default judgment. The Court will allow the defendants time to respond to the complaint through their counsel of record. Accordingly, it is

**ORDERED** that the Defendants', Farooq Bhadelia and Donice Sunny Bhadelia, motion to dismiss or for more definite statement (Doc. 14) be **denied**; Plaintiff's request for default judgment against Defendants Moonwalk Enterprises, Inc., Enka, LLC, and Sunata Properties, LLC (Doc. 19) be **denied as moot**; and Defendants' Moonwalk Enterprises, Inc., Enka, LLC, and Sunata Properties, LLC, motion to set aside default and for additional time to respond to the complaint be **granted;** and the defendants have up to and including May 19, 2014, to respond to the complaint. Further, the parties shall have up to and including May 30, 2014, in which to file a Case Management Report.

**DONE and ORDERED** in Chambers, in Tampa, Florida, this 8th day of May, 2014.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record